**With No. 25-3140**

# In the United States Court of Appeals for the Ninth Circuit

ROBERTO VERTHELYI
*on behalf of himself and all others similarly situated*

*Plaintiff-Respondent,*

*v.*

PENNYMAC MORTGAGE INVESTMENT TRUST;
PNMAC CAPITAL MANAGEMENT, LLC,

*Defendants-Petitioners.*

*On Petition for Permission to Appeal from the United States District Court for the Central District of California, No. 2:24-cv-05028-MWF-JC, Hon. Michael W. Fitzgerald*

## REPLY BRIEF IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

MATTHEW DONALD UMHOFER
JONAS P. MANN
UMHOFER, MITCHELL AND KING LLP
*767 South Alameda St., Ste. 270*
*Los Angeles, CA 90021*
*(213) 394-7979*
*matthew@umklaw.com*

*Counsel for Defendants-Petitioners PennyMac Mortgage Investment Trust and PNMAC Capital Management, LLC*

STEVEN M. FARINA
MELISSA B. COLLINS
WILLIAMS & CONNOLLY, LLP
*680 Maine Avenue, S.W.*
*Washington, DC 20024*
*(202) 434-5000*
*sfarina@wc.com*

*Counsel for Defendant-Petitioner PennyMac Mortgage Investment Trust*

# TABLE OF CONTENTS

TABLE OF CONTENTS ....... i

TABLE OF AUTHORITIES ....... ii

I. Section 1292(b) Establishes The Criteria For A Proper Immediate Appeal....... 1

II. Plaintiff's Arguments For Why This Case Does Not Qualify For Appeal Under Section 1292(b) Are Unavailing. ....... 5

CONCLUSION ....... 9

CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND WORD-COUNT LIMITATIONS ....... 10

CERTIFICATE OF SERVICE ....... 11

## TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Ahrenholz v. Board of Trs. of the Univ. of Ill.*,
219 F.3d 674 (7th Cir. 2000) .......................... 3

*Bowen v. Target Corp.*,
2022 WL 16570815 (9th Cir. Nov. 1, 2022) .......................... 3

*Coopers & Lybrand v. Livesay*,
437 U.S. 463, (1978) .......................... 2, 5

*Finder v. Leprino Foods Co.*,
2022 WL 2167791 (9th Cir. June 12, 2022) .......................... 3

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*,
22 F.4th 1125 (9th Cir. 2022) .......................... 2, 4

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1981) .......................... 2, 4

*In re Trump*,
874 F.3d 948 (6th Cir. 2017) .......................... 3

*Katz v. Carte Blanche Corp.*,
496 F.2d 747 (3d Cir. 1974) .......................... 3

*Klinghoffer v. S.N.C. Achille Lauro*,
921 F.2d 21 (2d Cir. 1990) ....................................................................4

*Starr Indem. & Liab. Co. v. Rolls-Royce Corp.*,
725 F. App'x 592 (9th Cir. 2018)..............................................................3

*U.S. Rubber Co. v. Wright*,
359 F.2d 784 (9th Cir. 1966) ....................................................................4

**Statutes**

28 U.S.C. § 1292(b) ............................................................................ passim

**Rules**

Fed. R. App. P. 5 ....................................................................................2

**Other Authorities**

16 Charles Alan Wright & Arthur R. Miller,
*Federal Practice and Procedure* § 3930 (3d ed.) .............................................2, 4

H.R. Rep. No. 85-1667 .............................................................................5

Plaintiff's opposition to Defendants' petition largely ignores the district court's reasoning in granting certification, which thoroughly analyzed the Section 1292(b) factors and found each of them satisfied for both questions presented for appeal. Pet., Ex. B at 3–8.[1] Instead, Plaintiff contends that this case is not "exceptional" enough to qualify for interlocutory review, and mischaracterizes the certified legal questions as turning on disputed facts that require a more developed record. Neither objection has merit. Although Section 1292(b) appeals are infrequent, that is primarily because so few district court orders are certified as meeting the statutory criteria. Plaintiff's reasons that this case should not qualify for appeal are conclusory and run counter to both the district court's determination "that both questions" are "appropriate issues to certify for interlocutory appeal," Pet., Ex. B at 3, and Plaintiff's earlier assertion that the "[m]ain facts are not in dispute," Pet., Ex. C. at 7. This Court, like the district court, should allow the appeal.

## I. Section 1292(b) Establishes The Criteria For A Proper Immediate Appeal.

Rather than confront the district court's detailed analysis for why the two certified questions meet the statutory criteria listed in Section 1292(b), Plaintiff asserts that Defendants must demonstrate that the case presents vaguely defined

[1] Defendants'-Petitioners' Petition For Permission To Appeal Pursuant To 28 U.S.C. § 1292(b), May 15, 2025, Case No. 25-3140, Dkt. 1, is referred to herein as "Pet."

"exceptional circumstances" that go beyond the statutory threshold. Opp. at 4–5, 12–16.[2] But as this Court's precedents make clear, application of the Section 1292(b) criteria provides the best evidence that a case is appropriate for interlocutory review. And the district court's thorough analysis for why this case satisfies that standard deserves "careful consideration," not casual dismissal. *See ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022).

Interlocutory appeals, of course, are written directly into the Rules of Appellate Procedure. *See* Fed. R. App. P. 5. When Congress enacted what is now 28 U.S.C. § 1292(b), it recognized that rigid adherence to the final judgment rule can, in certain circumstances, produce the very inefficiencies and delays that the rule was designed to prevent. *See* 16 Charles Alan Wright et al., *Federal Practice and Procedure* § 3930 (3d ed.) (Wright & Miller). Some legal questions are too important to the case—and their resolution likely to moot "protracted and expensive litigation"—to await final judgment. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981); *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474, (1978) (explaining that Section 1292(b) "was enacted to meet the recognized need for prompt review of certain nonfinal orders"). For that reason, appellate courts have

[2] Plaintiff's-Respondent's Answer In Opposition To Petition For Permission To Appeal Pursuant To 28 U.S.C. § 1292(b), May 27, 2025, Case No. 25-3140, Dkt. 4, is referred to herein as "Opp."

long "emphasize[d] the duty of the district court and of [the appellate] court as well to allow an immediate appeal to be taken when the statutory criteria are met." *Ahrenholz v. Board of Trs. of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000).

To be sure, this Court has discretion to accept or reject an immediate appeal, and Section 1292(b) appeals are rare because the district courts serve as effective gatekeepers when considering motions for certification.[3] But this Court accepts them when, as here, the questions presented meet all the statutory criteria. Indeed, numerous cases that this Court has certified present the same types of questions as those at issue here. *See, e.g.*, *Bowen v. Target Corp.*, 2022 WL 16570815, at *1 (9th Cir. Nov. 1, 2022) (accepting interlocutory appeal to determine whether, under California law, Target improperly calculated overtime pay for workers "who were paid a shift differential and/or holiday premium pay"); *Finder v. Leprino Foods Co.*, 2022 WL 2167791, at *1 (9th Cir. June 12, 2022) (accepting interlocutory appeal to determine "whether meal premium periods are considered 'wages' under several provisions of the California Labor Code"); *Starr Indem. & Liab. Co. v. Rolls-Royce*

[3] "District courts do not make a habit of certifying their own orders for interlocutory appeal." *In re Trump*, 874 F.3d 948, 952–53 (6th Cir. 2017); *see Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754–55 (3d Cir. 1974) (en banc) ("The likelihood is remote that a district judge would make such a certification frivolously with respect to his own order.").

*Corp.*, 725 F. App'x 592, 594 (9th Cir. 2018) (accepting interlocutory appeal to determine whether Arizona or Texas law applies).[4]

Nor do Plaintiff's protests that PennyMac is an "outlier," Opp. at 14, counsel against immediate review. Section 1292(b) does not condition interlocutory appeals on whether a legal question will arise with frequency in other cases. Rather, "[c]ertification provides a means of achieving case-specific accommodation . . . that should not depend on general importance." Wright & Miller § 3930; *see Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) (rejecting the argument that "certification is proper only if the certified issue has precedential value for a large number of pending suits"). In any event, it *is* important to provide clarity about a federal statute to an industry relying on that statute. Plaintiff's extraordinary statutory interpretation position would void *any* parties' express agreement to fall back to a fixed rate in the absence of LIBOR, no matter the circumstances of that

[4] This Court's observations about the "exceptional" nature of Section 1292(b) appeals typically appear in cases where the Court has explained why the petitioner failed to meet the statutory criteria. *See ICTSI Oregon, Inc.*, 22 F.4th at 1131 (describing the "exceptional" nature of Section 1292(b) appeals and concluding "that the question that [petitioner] relies on is a question of fact, not 'of law'"); *In re Cement Antitrust Litig.,* 673 F.2d at 1026 (question presented was not a "controlling" and thus did not qualify as an "exceptional situation[] in which allowing an interlocutory appeal would avoid protracted and expensive litigation"); *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (describing as "unexceptional" an appeal that would not "materially affect the course of the litigation in the district court").

agreement. Opp. at 17 ("A fixed rate is not (and can never be) a benchmark or benchmark replacement.").

Ultimately, the district court's opinion granting certification provides "the best informed opinion that immediate review is of value." *Coopers,* 437 U.S. at 475 n.25 (quoting H.R. Rep. No. 85-1667, at 5–6 (1958)). Review would be valuable and efficient here. This Court should follow the district court's lead and allow an immediate appeal in this case.

## II. Plaintiff's Arguments For Why This Case Does Not Qualify For Appeal Under Section 1292(b) Are Unavailing.

Beyond asserting that this case is not "exceptional," Plaintiff does little to rebut the notion that this case meets the criteria for interlocutory review. Plaintiff primarily contends that there are "factual issues" that should be resolved prior to any appeal. Opp. at 13, 15. But despite pleas for a "complete record" and specters of "party-driven hypotheticals and assertions," Opp. at 15, Plaintiff does not point to a *single specific factual issue* implicated by the questions on appeal that he asserts would require discovery. That is because there are none. As Plaintiff acknowledged at oral argument on the motion to certify, the "[m]ain facts are not in dispute." Pet., Ex. C at 7.[5] Indeed, at argument on the motion to certify, Plaintiff's concern was

[5] Plaintiff's counsel suggested that "the record would benefit from an expert," "the parties' expectations and intentions when they purchased this investment," and "how they reacted when PennyMac changed course after LIBOR ceased

not that this Court could not or should not resolve the LIBOR Act statutory interpretation question, but just the opposite: that it would decline to reach this "key" issue. *Id*. at 6–7 ("But my bigger concern . . . [is] that the Ninth Circuit doesn't even get to the LIBOR question, which is a key question. . . . [T]he concern again is that . . . the LIBOR Act question is the key question, and we could end up not getting there after some considerable delay."); *see also* Pet., Ex. B at 3 (district court noting in its certification order that Plaintiff was "primarily concerned with the delay that may result should the Ninth Circuit decide only the choice-of-law question"). And the district court certainly did not think any further factual development was necessary, holding that both issues present controlling legal questions. Pet., Ex. B at 4, 6–7.

The only real effort Plaintiff makes is to claim that "there is a dispute over whether the Articles even provide for the ongoing payment of fixed rates beyond the initial fixed rate period." Opp. at 13. But Plaintiff has acknowledged that the "[t]he final clause at the end of the waterfall in Section 4(g) [of the Articles] *points to a fixed rate*," Dkt. 37 at 13–14, and the district court found that "[t]he parties do not

publication," Pet., Ex. C at 7, but none of those bear on the interpretation of the statutory term "benchmark replacement" or the supposed conflict between California and Maryland law.

disagree about the text of the Articles Supplementary [or] the fallback provision contained therein," Pet., Ex. B at 7.

To the extent that Plaintiff is now claiming a dispute over how the Articles' fallback provision interacts with a different clause (Section 4(a)), there is no need for discovery for a court to interpret how the terms of the contract work together, or for any further development below: indeed, the district court already has addressed this. Pet., Ex. A at 3 (explaining how Section 4(a) "provide[s] that Preferred Shareholders are to be paid dividends at a rate based off of the contractually-defined term 'Three-Month LIBOR,'" and how "Three-Month LIBOR" is defined in Section 4(g)).

The remainder of Plaintiff's arguments are half-hearted at best, and none provides any reason to disagree with the district court's assessment that the Section 1292(b) factors are met. As to the LIBOR Act, Plaintiff takes issue with Defendants' position on the merits—but as the district court recognized, "reasonable jurists could disagree with the Court's analysis as to this issue." Pet., Ex. B at 8. And although Plaintiff claims that this Court's resolution of the statutory interpretation question "would not resolve the litigation" because he also challenges unfairness under the UCL, Opp. at 18, Plaintiff completely fails to address the district court's conclusion that "there is a high likelihood that a resolution in Defendants' favor would result in Plaintiff's [unfairness] claim failing under both federal preemption and the UCL's

safe harbor doctrine," Pet., Ex. B at 7; *see id.* at 8 ("[A] resolution in Defendants' favor would materially advance the litigation in that it . . . would likely have a critical impact on whether Plaintiff can establish that the actions were 'unfair' under the UCL.").

As to choice of law, Plaintiff does not dispute that there are substantial grounds for a difference of opinion, and contends only that an appeal now "will not materially advance the termination of the litigation." Opp. at 20. But Plaintiff mischaracterizes the issue as only one of venue, *id*. at 20–21, ignoring that, if Defendants are correct on appeal, Plaintiff would be pursuing a different, as-yet-unasserted claim under a different state's law—which is vital to get right from the outset.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

**CONCLUSION**

For the reasons stated above and in the petition, this Court should grant Defendants permission to appeal.

Respectfully submitted,

/s/ *Matthew Donald Umhofer*

MATTHEW DONALD UMHOFER
JONAS P. MANN
UMHOFER, MITCHELL AND KING LLP
*767 South Alameda St., Ste. 270*
*Los Angeles, CA 90021*
*(213) 394-7979*
*matthew@umklaw.com*

*Counsel for Defendants-Petitioners PennyMac Mortgage Investment Trust and PNMAC Capital Management, LLC*

STEVEN M. FARINA
MELISSA B. COLLINS
WILLIAMS & CONNOLLY, LLP
*680 Maine Avenue, S.W.*
*Washington, DC 20024*
*(202) 434-5000*
*sfarina@wc.com*

*Counsel for Defendant-Petitioner PennyMac Mortgage Investment Trust*

JUNE 2, 2025

## CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Matthew Donald Umhofer, certify, pursuant to Federal Rule of Appellate Procedure 27(d)(2)(C), that the attached Reply in Support of Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b) is proportionately spaced, has a typeface of 14 points, and contains **1,943** words.

/s/ *Matthew Donald Umhofer*
MATTHEW DONALD UMHOFER

JUNE 2, 2025

**CERTIFICATE OF SERVICE**

I, Jennifer M. Mitchell, certify that, on June 2, 2025, a copy of the attached Reply in Support of Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b) was filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit through the Court's electronic filing system. I further certify that true copies of the foregoing document were served by email and by commercial carrier on opposing counsel as follows:

Catherine Pratsinakis
Mariah Heinzerling
**DILWORTH PAXSON LLP**
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7013
Email: cpratsinakis@dilworthlaw.com
mheinzerling@dilworthlaw.com

Nicole Lavallee
Daniel Barenbaum
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
dbarenbaum@bermantabacco.com

Daniel Goldman
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Email: dgoldman@bkllaw.com

I certify under penalty of perjury that the foregoing is true and correct.

JUNE 2, 2025

Jennifer M. Mitchell
JENNIFER M. MITCHELL